Dear Mr. English:
Our office is in receipt of your request for an Attorney General Opinion, wherein a query was made regarding foreign motorists using Louisiana highways. Please be advised that the Attorney General may only interpret the law in an opinion. We may not recommend an operating procedure, speculate, or provide other forms of information outside of our narrow scope.
In response to your inquiry it is necessary to first review the legal concept of jurisdiction. A court's jurisdiction is its extent of authority, power and control. Pursuant to Louisiana's Revised Statutes, which includes the Code of Criminal Procedure and the Traffic Code (or the Blue Book as it is often referred to by patrol officers), any court of Louisiana may exercise jurisdiction over any nonresident on any basis consistent with the Louisiana Constitution and the Constitution of the United States of America. Accordingly, the limits of Louisiana's Revised Statutes and the limits of constitutional due process are coextensive, and the sole inquiry into jurisdiction over an alien motorist is a one-step analysis of constitutional due process requirements. U.S.C.A. Const. Amend. 14; LSA-Const. Art. 1, § 2; LSA-R.S. 13:3201(B).
Specifically, our criminal and traffic laws are written to affect violators who are "persons", either judicial or natural. This legislation does not distinguish between citizen and non-citizen, either of this state or this country. It is true that some states have specifically legislated the issue of alien motorists explicitly; however, Louisiana has not. Rather, our structure of law treats an alien motorist as any other driver.
To further elaborate, if the infraction of the law is one for which the officer would normally issue a citation, then a citation should be issued. If the infraction is one for which there must be an arrest, then you must arrest. If the infraction is one for which the officer has discretion, then he may exercise his discretion. The one caveat being that if an alien motorist is arrested, the embassy of his native country must be notified. *Page 2 
Nevertheless, in answer to the other issue raised by your query, we have no knowledge of any policy to issue permits at the borders. In Mexico, Canada, and most U.S. states, it is required that a person driving a vehicle possess a driver's license legally issued in the US or another country. If the driver has neither then he is violating the law.
Nonetheless, it has come to this office's attention, and it may be of some interest and some help with your concerns, that both the Louisiana State Police and the Baton Rouge Police Department, along with their respective counsels has established a very efficient system for dealing with alien motorists. You may wish to contact them to receive their practical advice about establishing an operating procedure.
It is our continuing desire to lend aid to the public servants of the state such as yourself, Mr. English, and we pray that the foregoing Opinion has been responsive to your questions, of value, and helpful.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________________ D. MARK VALENTINE Assistant Attorney General